[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
Defendant-appellant, Robert Baxter, appeals the judgment of the Hamilton County Court of Common Pleas sentencing him to a four-year term of incarceration for aggravated vehicular homicide pursuant to R.C. 2903.06. Baxter was convicted of the offense following the entry of a no-contest plea.
In a single assignment of error, Baxter argues that the trial court erred by sentencing him to a term of imprisonment of four years, because he did not commit "the most egregious form of the offense and the sentence was not merited by the facts of the case." The assignment is unpersuasive.
The crime of which Baxter was convicted, aggravated vehicular homicide, is a felony of the third degree. Offenders who have been found guilty of a felony of the third degree may be confined for one to five years.[1] One of the circumstances that may support the imposition of the maximum sentence is that the offender committed the worst form of the offense.[2] Because Baxter did not receive the maximum prison term, however, R.C.2929.14(C) is inapposite.
Nonetheless, Baxter did receive a sentence greater than the minimum and had not previously served a term of imprisonment. For a court to sentence an offender who has not previously served a prison term to more than the minimum term of imprisonment, the court must specifically find that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.[3]
In the case at bar, the trial court did make the requisite findings under R.C. 2929.14(B), concluding that both circumstances set forth in the statute were present.[4] Further, those findings are supported by the record, which indicates that Baxter was operating his vehicle with a breath-alcohol concentration well above the legal limit at the time of the offense, had prior alcohol-related court contacts, and expressed no remorse for the victim of the instant offense. Under these circumstances, we cannot say that the trial court erred in imposing the four-year sentence.
Accordingly, the assignment of error is overruled, and the judgment of the trial court is affirmed.
 ______________________________ HILDEBRANDT, PRESIDING JUDGE
 PAINTER and WINKLER, JJ.
[1] R.C. 2929.14(A)(3).
[2] R.C. 2929.14(C).
[3] R.C. 2929.14(B).
[4] See, generally, State v. Edmonson (1999), 86 Ohio St.3d 324,715 N.E.2d 131.